IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK MILNER,

    Plaintiff,

vs.                                             Civ. No. 17-254 KG/LF
                                                    Consolidated with
                                                    Civ. No. 17-255 MCA/CG;
                                                    Civ. No. 17-256 MCA/SCY; and
                                                    Civ. No. 17-257 KG/GJF

VINCENT MARES, Executive Director,
New Mexico Racing Commission;
DAVID KEITER, Steward,
New Mexico Racing Commission,

    Defendants.

## MEMORANDUM AND ORDER OF CONSOLIDATION

This matter comes before the Court on Defendants' Motion to Consolidate, filed on March 7, 2017. (Doc. 7). Defendants move under Fed. R. Civ. P. 42(a) to consolidate the following cases with this one for all purposes, including trial: (1) *Gerhardt v. Mares, et al.*, Civ. No. 17-255 MCA/CG; (2) *Dale v. Mares, et al.*, Civ. No. 17-256 MCA/SCY; and (3) *Bartoo v. Mares, et al.*, Civ. No. 17-257 KG/GJF. On April 30, 2017, Plaintiff Mark Milner filed a response opposing the Motion to Consolidate, and, in the alternative, suggesting consolidation for only pretrial purposes. (Doc. 14). Defendants filed a reply on May 15, 2017. (Doc. 17).

"If actions before a court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Whether to grant a motion to consolidate is in the trial court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Once the district court determines there is a common question of

law or fact, the court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560, 1572 (D.N.M. 1994). The party moving for consolidation bears the burden of proving that consolidation is desirable. *Id.*

In this case, common questions of law and fact predominate. The same Defendants are sued in each case and, as Plaintiff Milner concedes, the cases raise the same legal questions, i.e., whether Defendants violated the Fourteenth Amendment rights of the various Plaintiffs.[1] (Doc. 14) at 2. Plaintiff Milner, however, notes that a "difference of the value of the damages" exists as to each Plaintiff and that this difference in the value of damages will prejudice and confuse a jury if the cases are tried together. *Id.* For this reason, Plaintiff Milner suggests, in the alternative, that the Court "only consider consolidation for pre-trial purposes…." *Id.* Even so, Plaintiff Milner argues that limited pretrial consolidation "is not likely to prove helpful in conserving judicial resources." *Id.* Plaintiff cites *Ulibarri v. Novartis Pharmaceuticals Corp.*, wherein District Court Judge Judith Herrera found that consolidating actions for only pretrial purposes does not conserve court resources, because "judges in the newer cases will have to read all decisions made by their colleague[s] and review the evidence in order to become sufficiently familiar with the case to try the remaining issues." 303 F.R.D. 402, 404–05 (D.N.M. 2014).

Contrary to Plaintiff Milner's first argument against consolidation, the mere fact that damages differ as to each plaintiff does not preclude a joint trial of consolidated cases. *See Fields v. Atchison, Topeka & Santa Fe Ry. Co.*, 1996 WL 109536, at *2 (D. Kan.) (finding that "[t]he fact that one suit involves a claim for damages not involved in the other suit does not preclude consolidation." (citation omitted)); *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41

---

[1] Additionally, the same attorneys are involved in all of the cases.

F.R.D. 164, 165 (N.D. Miss. 1966) (holding that "potential confusion on the part of jurors on the issue of damages is not a sufficient reason to refuse consolidation under the circumstances of these cases…."); *Popejoy v. Fladung*, 14 F.R.D. 450 (W.D. Mo. 1953) ("Motion to consolidate cases against common defendant would be granted over plaintiffs' objection that jury would be confused solely on question of damages."). In fact, judicial economy favors a joint trial which resolves different damages determinations. *See, e.g., Blagg v. Line*, 2012 WL 90439, at *3 (N.D. Okla.) (finding that defendants' request that each plaintiff try damages issues separately "would result in an unnecessary waste of the parties' and the Court's resources."). Moreover, any potential issues of unfair prejudice with respect to the determination of damages can be addressed through appropriate jury instructions. *Id.* (holding that defendants "overstate the risk of prejudice from a joint trial on damages and any risk of unfair prejudice can be eliminated through proper limiting instructions to the jury."); *Fields*, 1996 WL 109536, at *2 ("[j]ury instructions can be prepared so as not to confuse the jury on the different damages issues." (citations omitted)).

Furthermore, Judge Herrera's statements regarding the inefficiency of consolidating cases just for pretrial purposes actually support a consolidation for all purposes, including trial. The Court also notes that separate lawsuits and trials would require duplicative evidence on the issue of underlying constitutional violations and could possibly result in inconsistent verdicts on whether Defendants violated Plaintiffs' constitutional rights.

In sum, the cases share common questions of fact and law, and the interest of judicial convenience in consolidating the cases outweighs any delay, confusion or prejudice that consolidation might cause. Defendants have shown that consolidation under Rule 42(a) is appropriate.

IT IS ORDERED that

1. Defendants' Motion to Consolidate (Doc. 7) is granted;

2. *Gerdhardt v. Mares, et al.*, Civ. No. 17-255 MCA/CG; *Dale v. Mares, et al.*, Civ. No. 17-256 MCA/SCY; and *Bartoo v. Mares, et al.*, Civ. No. 17-257 KG/GJF are consolidated into this case, *Milner v. Mares, et al.*, Civ. No. 17-254 KG/LF, for all purposes, including trial; and

3. all pleadings will be filed forthwith in *Milner v. Mares, et al.*, Civ. No. 17-254 KG/LF.

_____
UNITED STATES DISTRICT JUDGE